**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3935-21

CHARLES WILLIAMS,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

        Submitted December 12, 2023 – Decided January 18, 2024

        Before Judges Whipple and Mayer.

        On appeal from the New Jersey Department of Corrections.

        Charles Williams, appellant pro se.

        Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Andrew Carter Matlack, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Charles Williams, a pro se litigant, is currently incarcerated at the Adult Diagnostic and Treatment Center (ADTC) in Avenel, New Jersey. He filed this matter titled as a Notice of Appeal and An Action in Lieu of a Prerogative Writ of Mandamus seeking to compel the New Jersey Department of Corrections (DOC) to appoint a Board of Trustees to the ADTC.

Williams's complaint is that the DOC has not appointed members to the Board of Trustees in violation of N.J.S.A. 30:4-1. According to the record provided by petitioner, in October 2021, Williams was co-signatory on a letter to the Governor and Acting Commissioner, among others, requesting that a Board of Trustees be appointed for the ADTC. In November 2021, Williams submitted online inquiries to a DOC portal, asking why a Board of Trustees had not been appointed to the ADTC and seeking assistance in rectifying the situation. Assistant Superintendent of ADTC Crystal Raupp responded to Williams, stating that the "matter was addressed," and Williams was provided "an appropriate response." Williams submitted a follow-up inquiry, citing N.J.S.A. 30:4-1.

Williams politely asked for reconsideration, noting the Board of Trustees has "a broad range of supervisory responsibilities outlined in N.J.S.A. 30:4-1.1, including to 'review institutional needs' and to 'exercise visitorial supervision

2

over the institution under the supervision or control of the department.'"  The appointment of a Board of Trustees would also allow the inmate welfare funds to be utilized in accordance with N.J.S.A. 30:4-1.l(k), something Williams asserted had not been done in over ten years.  Raupp responded succinctly that Williams' concern had been noted.  Williams then filed this appeal.

Unfortunately, we cannot compel the DOC to appoint trustees.  The authority to appoint a Board of Trustees to the ADTC no longer rests with the DOC.

N.J.S.A. 30:4-1 provides, "[t]he State board, with the approval of the Governor, shall appoint a board of trustees . . . ."  Prior to the establishment of the DOC in 1976, the State Board of Human Services in the Department of Human Services (DHS) was tasked with managing correctional facilities and overseeing the appointments of their Boards of Trustees.  See N.J.S.A. 30:4-1 and L. 1971, c. 384.  After the establishment of the DOC, numerous powers were conferred to the Commissioner of the DOC, including the powers of the "State Board."  L. 1976, c. 98, § 21 (codified at N.J.S.A. 30:1B-21).  However, on January 17, 2014, Governor Christopher Christie signed into law L. 2013, c. 253, which—among other things—repealed N.J.S.A. 30:1B-21.  With the passage of this law, neither the DOC nor the DOC's Commissioner retained the

powers of the "State Board," including the power to appoint a Board of Trustees to any of the prisons, including the ADTC. N.J.S.A. 30:1-2.3a(a).

Accordingly, the duty Williams seeks to enforce is no longer vested with the DOC, nor with the Commissioner of the DOC, and we dismiss the appeal.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4